# UNITED STATES DISTRICT COURT
## Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    **v.**<br>ADEL DAOUD | **SECOND AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:    1:13-CR-00703(1)<br>USM Number:    43222-424 |

**Date of Original Judgment: 8/5/2024**
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**

☒ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

Defendant's Attorney

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☒ pleaded guilty to count(s) one (1), two (2), and three (3) of the Indictment.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. §373(a) Solicitation to Commit a Crime of Violence | 11/29/2012 | 1 |
| *18 U.S.C. §1958(a) Use of Interstate Commerce Facility in Commission of Murder-For-Hire | 11/28/2012 | 2 |
| 18 U.S.C. §1512(a)(1)(A) Obstruction of Justice by Attempt to Kill Witness | 11/29/2012 | 3 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. **Other than the amendments or modifications stated in this judgment, the judgment previously entered shall stand. (See attachments)**

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) «dismissd_counts» dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 5, 2024
Date of Imposition of Judgment

_____
Signature of Judge

Matthew F. Kennelly, United States District Judge
Name and Title of Judge

8-8-2024
Date

Case: 1:13-cr-00703 Document #: 257 Filed: 08/08/24 Page 2 of 12 PageID #:2387

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 2 – Imprisonment Judgment – Page 2 of 6

DEFENDANT: ADEL DAOUD
CASE NUMBER: 1:13-CR-00703(1)

# *IMPRISONMENT*

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
One hundred and twenty (120) months as to counts one (1) and two (2). The counts are to run concurrently with each other. Three hundred and twenty-four (324) months as to count 3. Count three (3) is to run concurrently with counts one (1) and two (2), and are to run concurrently with the sentence imposed in the defendant's other cases in the Northern District of Illinois; 1:12-cr-723 and 1:15-cr-487.

☒ The court makes the following recommendations to the Bureau of Prisons: Any costs of imprisonment are waived due to the defendant's inability to pay.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at         on

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2:00 pm on

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____
_____
_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case: 1:13-cr-00703 Document #: 257 Filed: 08/08/24 Page 3 of 12 PageID #:2388

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 3 – Supervised Release                                                                                                    Judgment – Page 3 of 6

DEFENDANT: ADEL DAOUD
CASE NUMBER: 1:13-CR-00703(1)

# MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of: Three (3) years as to counts one (1) and two (2) and five (5) years as to count three (3). This term of supervised release is to run concurrently with the supervised release imposed on the defendant's other cases in the Northern District of Illinois; 1:12-cr-723 and 1:15-cr-487. Any costs of supervised release are waived due to the defendant's inablity to pay.

    The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

# *DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)*

**Discretionary Conditions —** The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**. The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall seek, and work conscientiously at, lawful employment or, if he is not gainfully employed, the defendant shall pursue conscientiously a course of study or vocational training that will equip him for employment.

*2. The defendant shall not knowingly meet or communicate with any person whom he knows to be engaged, or planning to be engaged, in criminal activity and shall not knowingly meet or communicate with the following persons: Any persons who are, or claim to be, associated with a foreign terrorist organization (as defined in 8 U.S.C. §1189), or who are, or claim to be, involved with violent acts, or advocating for acts of violence; and, communicating with any persons who are located outside of the United States with the exception to family members and persons previously identified and approved by the Probation Office.

3. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

4. The defendant shall participate, at the direction of a probation officer, in a mental health treatment program, and shall take any medications prescribed by the mental health treatment provider.

5. The defendant shall not knowingly leave from the federal judicial district where he is being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

6. The defendant shall report to the probation office in the federal judicial district to which he is released within 72 hours of his release from imprisonment. The defendant shall thereafter report to the probation officer at reasonable times as directed by the court or a probation officer.

7. The defendant will permit a probation officer to visit him at any reasonable time at home or any location that the probation officer may enter by right or concept and will permit confiscation of contraband in plain view.

8. The defendant shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. The defendant shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

Case: 1:13-cr-00703 Document #: 257 Filed: 08/08/24 Page 4 of 12 PageID #:2389

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 3 – Supervised Release  Judgment – Page 4 of 6

DEFENDANT: ADEL DAOUD
CASE NUMBER: 1:13-CR-00703(1)

9. The defendant shall notify a probation officer within 72 hours if after being arrested, charged with a crime, or questioned by a law enforcement officer.

10. The defendant shall satisfy such other special conditions as ordered below.

11. The defendant shall submit your person, property, house, residence, vehicle, papers [computers (as defined in 18 U.S.C. §1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified below:

**During the term of supervised release:**

1. The defendant shall participate in an approved job skill-training program at the direction of a probation officer within the first 60 days of placement on supervision.

2. The defendant shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release.

3. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

4. The defendant should attend violent extremism counseling from providers as directed by the Probation Office, and agreed to by the Probation Office, the United States Attorney's Office for the Northern District of Illinois, and the defendant, or upon order of the Court. The defendant shall also authorize the release of any mental health and/or violent extremism counseling records to the probation officer.

5. The defendant shall not possess or use at any location (including his place of employment), any external storage device without the prior approval of a probation officer.

6. The defendant shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the United States Probation Office. The defendant shall identify all computers to which he has access. The defendant shall consent to the installation of computer monitoring software on all computers to which he has access. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software.

7. The defendant shall not possess or use any device with access to any online computer service at any location (including place of employment) without the prior approval of a probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or email system.

8. The defendant shall be required to submit to periodic polygraph testing at the direction of the probation office as a means to ensure that he is in compliance with the requirements of his supervision or treatment program.

Case: 1:13-cr-00703 Document #: 257 Filed: 08/08/24 Page 5 of 12 PageID #:2390

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 5 – Criminal Monetary Penalties
Judgment – Page 5 of 6

DEFENDANT: ADEL DAOUD
CASE NUMBER: 1:13-CR-00703(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $300.00 | $.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until          . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the       .

  ☐ the interest requirement for the       is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case: 1:13-cr-00703 Document #: 257 Filed: 08/08/24 Page 6 of 12 PageID #:2391

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 6 – Schedule of Payments  Judgment – Page 6 of 6

DEFENDANT: ADEL DAOUD
CASE NUMBER: 1:13-CR-00703(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $300 due immediately.

  ☐ balance due not later than     , or

  ☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal     *(e.g. weekly, monthly, quarterly)* installments of $    over a period of    *(e.g., months or years)*, to commence     *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal     *(e.g. weekly, monthly, quarterly)* installments of $    over a period of    *(e.g., months or years)*, to commence     *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within     *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if Appropriate |
|---|---|---|---|

**\*\*See above for Defendant and Co-Defendant Names and Case Numbers** *(including defendant number)*, **Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.\*\***

  ☐ The defendant shall pay the cost of prosecution.

  ☐ The defendant shall pay the following court cost(s):

  ☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
Northern District of Illinois

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| ADEL DAOUD | ) | Case Number: 1:13-CR-00703(1) |
| | ) | USM Number: 43222-424 |
| | ) | |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) one (1), two (2), and three (3) of the Indictment.
☐ pleaded nolo contendere to count(s)         which was accepted by the court.
☐ was found guilty on count(s)         after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. §373(a) Solicitation to Commit a Crime of Violence | 11/29/2012 | 1 |
| 18 U.S.C. §1958(a) Use of Interstate Commerce Facility in Commission of Murder-For-Hire | 11/29/2012 | 2 |
| 18 U.S.C. §1512(a)(1)(A) Obstruction of Justice by Attempt to Kill Witness | 11/29/2012 | 3 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)         dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

July 19, 2024
Date of Imposition of Judgment

_____
Signature of Judge
Matthew F. Kennelly, United States District Judge
Name and Title of Judge

7-30-2024
Date

DEFENDANT: ADEL DAOUD
CASE NUMBER: 1:13-CR-00703(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
One hundred and twenty (120) months as to counts one (1) and two (2). The counts are to run concurrently with each other. Three hundred and twenty-four (324) months as to count 3. Count three (3) is to run concurrently with the sentence imposed in the defendant's other cases in the Northern District of Illinois; 1:12-cr-723 and 1:15-cr-487.

☒ The court makes the following recommendations to the Bureau of Prisons: Any costs of imprisonment are waived due to the defendant's inability to pay.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at       on

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2:00 pm on

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ADEL DAOUD
CASE NUMBER: 1:13-CR-00703(1)

# MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of: Three (3) years as to counts one (1) and two (2) and five (5) years as to count three (3). This term of supervised release is to run concurrently with the supervised release imposed on the defendant's other cases in the Northern District of Illinois; 1:12-cr-723 and 1:15-cr-487. Any costs of supervised release are waived due to the defendant's inablity to pay.

The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**

1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

# DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall seek, and work conscientiously at, lawful employment or, if he is not gainfully employed, the defendant shall pursue conscientiously a course of study or vocational training that will equip him for employment.

2. The defendant shall not knowingly meet or communicate with any person whom he knows to be engaged, or planning to be engaged, in criminal activity and shall not: Any persons who are, or claim to be, associated with a foreign terrorist organization (as defined in 8 U.S.C. §1189), or who are, or claim to be, involved with violent acts, or advocating for acts of violence; and, communicating with any persons who are located outside of the United States with the exception to family members and persons previously identified and approved by the Probation Office.

3. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

4. The defendant shall participate, at the direction of a probation officer, in a mental health treatment program, and shall take any medications prescribed by the mental health treatment provider.

5. The defendant shall not knowingly leave from the federal judicial district where he is being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

6. The defendant shall report to the probation office in the federal judicial district to which he is released within 72 hours of his release from imprisonment. The defendant shall thereafter report to the probation officer at reasonable times as directed by the court or a probation officer.

7. The defendant will permit a probation officer to visit him at any reasonable time at home or any location that the probation officer may enter by right or concept and will permit confiscation of contraband in plain view.

DEFENDANT: ADEL DAOUD
CASE NUMBER: 1:13-CR-00703(1)

8. The defendant shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. The defendant shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

9. The defendant shall notify a probation officer within 72 hours if after being arrested, charged with a crime, or questioned by a law enforcement officer.

10. The defendant shall satisfy such other special conditions as ordered below.

11. The defendant shall submit your person, property, house, residence, vehicle, papers [computers (as defined in 18 U.S.C. §1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified below:

**During the term of supervised release:**

1. The defendant shall participate in an approved job skill-training program at the direction of a probation officer within the first 60 days of placement on supervision.

2. The defendant shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release.

3. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

4. The defendant should attend violent extremism counseling from providers as directed by the Probation Office, and agreed to by the Probation Office, the United States Attorney's Office for the Northern District of Illinois, and the defendant, or upon order of the Court. The defendant shall also authorize the release of any mental health and/or violent extremism counseling records to the probation officer.

5. The defendant shall not possess or use at any location (including his place of employment), any external storage device without the prior approval of a probation officer.

6. The defendant shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the United States Probation Office. The defendant shall identify all computers to which he has access. The defendant shall consent to the installation of computer monitoring software on all computers to which he has access. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software.

7. The defendant shall not possess or use any device with access to any online computer service at any location (including place of employment) without the prior approval of a probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or email system.

8. The defendant shall be required to submit to periodic polygraph testing at the direction of the probation office as a means to ensure that he is in compliance with the requirements of his supervision or treatment program.

DEFENDANT: ADEL DAOUD
CASE NUMBER: 1:13-CR-00703(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $300.00 | $.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until          . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the          .

☐ the interest requirement for the          is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ADEL DAOUD
CASE NUMBER: 1:13-CR-00703(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $300 due immediately.

    ☐ balance due not later than     , or

    ☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal     (*e.g. weekly, monthly, quarterly*) installments of $     over a period of     (*e.g., months or years*), to commence     (*e.g., 30 or 60 days*) after the date of this judgment; or

**D** ☐ Payment in equal     (*e.g. weekly, monthly, quarterly*) installments of $     over a period of     (*e.g., months or years*), to commence     (*e.g., 30 or 60 days*) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within     (*e.g., 30 or 60 days*) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee, if Appropriate |
|---|---|---|---|

**See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.